# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Self,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-00-01058-PHX-DJH (DMF)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

This matter is before the Court on remand from the United States Court of Appeals for the Ninth Circuit. (Doc. 42-2 at 1-4) On August 12, 2014, Michael L. Self ("Petitioner" or "Self") filed a Motion to Reopen Case / Motion for Relief of Judgment and Order." (Doc. 25) The motion followed this Court's dismissal of Petitioner's § 2254 habeas petition in 2001 (Doc. 18), and the Ninth Circuit's mandate affirming, in 2003 (Doc. 23) After this Court originally denied Petitioner's Motion (Doc. 32), Petitioner appealed to the Ninth Circuit and was appointed counsel, who is also representing him in this matter. (Docs. 37, 39) As is described in greater detail below, the Ninth Circuit issued a memorandum decision vacating this Court's order denying Petitioner's motion, and remanded for reconsideration. (Doc. 42-2) This matter is before the undersigned on referral from the District Judge.

/ / /

## I.    BACKGROUND

### A.    Self's § 2254 habeas petition

Magistrate Judge Sitver's January 29, 2001 report and recommendation set forth the following summary of Petitioner's conviction, sentencing, and post-conviction proceedings.

> Petitioner was convicted of two counts of sexual conduct with a minor, one count of child molestation, and one count of sexual abuse, and received mitigated consecutive sentences totaling 47 years imprisonment. (Doc. #8, Exh. B at 4, 6; Exh. C at 1, 3). While his appeal was pending, Petitioner filed a petition for post-conviction relief raising the claim that trial counsel was ineffective for failing to raise a hearsay objection to a videotape. (Doc. #8, at 4). The trial court found that the claim was precluded because it could be raised on direct appeal. (Doc. #8, Exh. A). Petitioner did not seek appellate review of that ruling.
>
> On direct appeal, Petitioner raised [a claim that admission of a videotaped interview of the victim and her sister violated his constitutional confrontation right, and a claim the trial court erred by allowing prosecution experts to comment on scientific probabilities to substantiate the victim's credibility]. (Doc. #8, Exh. B at i, 7, 11). On June 9, 1992, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's convictions and sentences. (Doc. #8, Exh. C) Petitioner did not timely seek review by the Arizona Supreme Court, and on August 14, 1992, the Arizona Court of Appeals issued its order and mandate. (Doc. #8, Exh. D).
>
> Petitioner did nothing more for more than six years until he filed a notice of post-conviction relief in Maricopa County Superior Court on January 25, 1999. (Doc. #8, Exh. E). Petitioner's appointed counsel was unable to find a "tenable issue" to raise in a petition for post-conviction relief and requested that Petitioner be permitted to proceed *pro se*. (Doc. #8, Exh. F). On September 7, 1999, Petitioner filed a *pro se* petition for post-conviction relief raising the following claims: 1) appellate counsel was ineffective in failing to raise the issue of "the States use of uncharged prior bad acts"; 2) the trial court erred in ruling that his claims of ineffective assistance of counsel, which were raised in his first petition for post-conviction relief, could be raised on appeal; and 3) since his conviction, there was a change in Arizona law permitting his sentences to be served concurrently. (Doc. #8, Exh. G at 3, 5).
>
> On December 17, 1999, the trial court summarily dismissed Petitioner's

petition for post-conviction relief, finding the ineffectiveness claim meritless, and that the change in state law had no retroactive application. (Doc. #8, Exh. H). On January 11, 2000, Petitioner filed a petition for review by the Arizona Court of Appeals in which he raised the following issues: 1) the trial court erred in summarily dismissing the petition for post-conviction relief without an evidentiary hearing; 2) appellate counsel was ineffective for failure to argue on appeal that Petitioner's rights were violated by testimony of prior uncharged bad acts; and 3) appellate counsel was ineffective for failure to argue on appeal that the prior bad act testimony violated Rule 404(b) and was prejudicial to Petitioner in receiving a fair trial. (Doc. #8, Exh. I] On May 16, 2000, the Arizona Court of Appeals denied review. (Doc. #8, Exh. J]

While Petitioner's petition for post-conviction relief was pending in the trial court, the Arizona Court of Appeals issued an order on September 23, 1999, permitting Petitioner to file a delayed petition for review to the Arizona Supreme Court from its memorandum decision of June 9, 1992. (Doc. #8, Exh. K). On April 18, 2000, the Arizona Supreme Court denied review. (Doc. #8, Exh. L.).

On June 1, 2000, Petitioner filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. #1).

(Doc. 16 at 2-4)

The report and recommendation concluded that the Petition was subject to dismissal because it was barred by AEDPA's one-year limitations period. (Doc. 16 at 5-7, citing 28 U.S.C. § 2244(d)(1)) On March 5, 2001, District Judge Carroll adopted the Magistrate Judge's report and recommendation, and granted Respondents' motion to dismiss Self's Petition. (Doc. 18) Petitioner appealed Judge Carroll's order to the Ninth Circuit. (Doc. 23) In its memorandum decision, the Ninth Circuit affirmed, concurring with the district court that Self's Petition was untimely, and that his direct appeal had not been "reopened" when the Arizona Court of Appeals allowed him to file a delayed petition for review on direct appeal to the Arizona Supreme Court. (*Id.* at 3)

### B.    Relief pursuant to Rule 60(b)(6)

Federal Rule of Civil Procedure 60 provides an avenue for relief from a court order or judgment. Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for

- 3 -

the following reasons: . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(1)-(5) permit relief from judgment, order or proceeding on grounds including mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or misrepresentation, voidness, and satisfaction of judgment. The U.S. Supreme Court instructs that relief pursuant to Rule 60(b)(6) requires a showing of "extraordinary circumstances," which "will rarely occur in the habeas context." *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005).

## C.     Petitioner's Rule 60(b)(6) motion

On August 12, 2014, Petitioner filed his Motion to Reopen Case/Motion for Relief of Judgment and Order, alleging he was entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(6), and *Jimenez v. Quarterman*, 555 U.S. 113 (2009) and *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), discussed below. (Doc. 25)

## D.     Summary of holdings in *Jimenez* and *Phelps*

In *Jimenez v. Quarterman*, the petitioner missed his opportunity to file a *pro se* direct appeal from his conviction and sentence in state court, after notices from his counsel and the state appeals court were directed to the wrong address. 555 U.S. at 115-16. When the petitioner learned his direct appeal had been dismissed, he filed a habeas petition in state court and was granted the ability to file an out-of-time appeal. *Id.* at 116. The petitioner's conviction was ultimately affirmed. *Id.* The petitioner then filed a federal habeas petition. *Id.* The district court dismissed the petition as untimely, finding AEDPA's one-year statute of limitations period ran from the expiration of time to seek discretionary review of the petitioner's direct appeal. *Id.* at 117. The Supreme Court noted that the district court's decision was grounded on its conclusion that "it could not take into account the [state] court's later decision reopening petitioner's direct appeal because Circuit precedent established that 'AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between.'" *Id.* (citations and internal quotation marks omitted). The Fifth Circuit denied a certificate of appealability on the timeliness issue. *Id.* at 118. The

- 4 -

Supreme Court reversed the judgment of the Fifth Circuit. *Id.* at 121. Analyzing the plain language of 28 U.S.C. § 2244(d)(1)(A)[1], the Court concluded that direct review in the petitioner's case became final under that statute when the out-of-time appeal to the state appellate court became final in January 2004, rather than when his conviction "initially became final" in October 1996. *Id.* at 118-20. The Court reasoned that "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to this Court, has been exhausted." *Id.* at 119-20 (internal citations and quotation marks omitted). The Court further explained that the petitioner's conviction "was no longer final for purposes of § 2244(d)(1)(A)" once the state appellate court granted his out-of-time appeal, and that the granting of the appeal "restore[d] the pendency" of his direct appeal. *Id.* at 120 (citation and internal quotation marks omitted). The Supreme Court concluded:

> [w]e hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id.* at 121.

In *Phelps*, the Ninth Circuit addressed a federal habeas petitioner's repeated, unsuccessful attempts over an eleven-year period to obtain federal court evaluation of his petition on the merits. 569 F.3d at 1122-23. The Ninth Circuit ultimately considered petitioner's appeal of the district court's denial of his motion for reconsideration on the question of whether inconsistent application of state rules regarding the finality of state court habeas decisions constituted grounds for relief under Rule 60(b)(6). *Id.* at 1129. In deciding that question, the Ninth Circuit concluded that an analysis of Rule 60(b)(6)

---

[1] Title 28 U.S.C. § 2244(d)(1)(A) provides that the AEDPA one-year limitations period may run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

motions for reconsideration of a prior judgment in a federal habeas case should be guided by six factors. *Id.* at 1135. The court drew the first two of these factors from the U.S. Supreme Court opinion in *Gonzales*, 545 U.S. at 536-38. The other four factors were based on the Eleventh Circuit's decision in *Ritter v. Smith*, 811 F.2d 1398, 1402-03 (11th Cir. 1987)

The factors set forth in the *Phelps* analysis that may be considered to determine whether a movant has established the existence of extraordinary circumstances are: (1) a consideration of the intervening change of law; (2) the petitioner's diligence in pursuing the issue during his federal habeas proceedings; (3) the state's and petitioner's respective interests in finality; (4) the delay between the "final" judgment and the petitioner's Rule 60(b)(6) motion; (5) the close relationship or degree of connection between the case originally adjudged and the case resulting in a change of the law; and (6) considerations of comity between the state and federal judiciaries. *Phelps*, 569 F.3d at 1136-39. The court cautioned that its discussion of these six factors was not intended to "impose a rigid or exhaustive checklist[,]" *Id.* at 1135, and noted that "Rule 60(b)(6) is a grand reservoir of equitable power" that affords a court "the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice[,]" *Id.*, quoting *Gonzales*, 545 U.S. at 542 (citations and internal quotation marks omitted). However, the court further "'cautioned against the use of provisions of Rule 60(b) to circumvent the strong public interest in [the ] timeliness and finality' of judgments." *Id.* (quoting *Flores v. Arizona*, 516 F.3d 1140, 1163 (9th Cir. 2008), *rev'd on other grounds, Horne v. Flores*, 557 U.S. 433 (2009)).

### E.    District Court's 2015 ruling on Petitioner's motion for relief

As noted, Petitioner filed a motion to reopen his case and for relief from judgment or order on August 12, 2014. (Doc. 25) Judge Rosenblatt of this Court denied the motion on February 27, 2015. (Doc. 32) The Court applied the reasoning from *Gonzales*, and the additional factors set forth in *Phelps*, and concluded that the first four *Phelps* factors weighed against reopening Petitioner's case, while the last two factors weighed in favor of reopening. (*Id.* at 4-6)

### F.    Ninth Circuit remand

On appeal of this Court's order denying Petitioner's Rule 60(b)(6) motion, the Ninth Circuit held this Court had been mistaken with respect to its conclusion on the third *Phelps* factor, deciding that the apparent lack of change in either party's position in reliance on the final judgment "weigh[ed] against reopening." (Doc. 42-2 at 3) The Ninth Circuit found Petitioner's position similar to that of the movant in *Phelps*, and concluded that this factor actually weighed in favor of granting the motion. (*Id.*) The Ninth Circuit did not specifically address this Court's assessment of any of the remaining five *Phelps* factors. Instead, it observed that once the mistake on this Court's factor three assessment

> is corrected, the balance is three factors in favor of reopening and the remaining three against reopening. Because it is unclear whether the district court would have reached the same conclusion or would have granted Self's motion had it evaluated correctly the third factor, we remand to the district court for reconsideration.

(*Id.* at 4) Accordingly, the undersigned Magistrate Judge concludes that the Court's task on limited remand is to re-assess the *Phelps* factors as set forth in its March 2, 2015 Order (Doc. 32), but now consider factor three as favoring granting Petitioner's motion for reconsideration, rather than favoring denial.

## II.    ANALYSIS

This Court's March 2015 Order explained its assessment of the *Gonzalez* and *Phelps* factors presented in Petitioner's Rule 60(b)(6) motion as follows.

> [Factor 1] First, as in *Gonzalez*, the district court's interpretation of the AEDPA statute of limitations provision, here § 2244(d)(1)(A), and  the district court's finding that Self's petition was time-barred was correct under the then prevailing interpretation, and, in fact, was affirmed by the Ninth Circuit on appeal.  It is hardly "extraordinary" that, long after Self's petition was no longer pending, the Supreme Court arrived at a different interpretation.  *See Gonzalez*, 545 U.S. at 536.  Thus, this factor weighs against reopening.

> [Factor 2] Second, as to diligence in pursuing the issue, *see Phelps*, 569 F.3d at 1136, although Self contends that he acted with diligence when he filed his motion to reopen in August 2014 based on the Supreme Court's 2009 *Jimenez* decision, he does not provide any details as to when he

became aware of the *Jimenez* decision. Instead, Self merely asserts that he "was made aware" of the decision; that "it was suggested to [him] to file a Rule 60(b) motion"; and that he learned about "a possible case of substance relating to [his] needs" through conversation between inmates. (Doc. 25 at 9; Doc. 31 at 7-8.) The Court finds this factor also weighs against reopening.

[Factor 3] Third, there is no indication that "the final judgment being challenged has caused" either of the parties to change their "position in reliance on that judgment." *See Phelps*, 569 F.3d at 1138. Thus, this factor weighs against reopening.

[Factor 4] Fourth, there has been an extremely long "delay between the finality of the judgment and the motion for Rule (60)(b)(6) relief." *Id.* This Court entered the final judgment dismissing this matter in March 2001. The Ninth Circuit's mandate, affirming that dismissal, was issued in January 2003. The motion to reopen was filed in August 2014, more than thirteen years after the Court's final judgment, and more than eleven years after the Ninth Circuit's mandate. This long delay weighs against reopening.

[Factor 5] Fifth, as to whether there is a "close connection" between the original and intervening decisions at issue in the Rule 60(b)(6) motion, *see id.* at 1138-39, this factor weighs in favor of reopening because, as discussed above, it appears that under the holding in *Jimenez*, Self's petition would have been deemed timely.

[Factor 6] Finally, as to whether relief from the judgment would upset the "delicate principles of comity," *see id.* at 1139-40, the Court finds that this factor also weighs in favor of reopening. As the Court explained in *Phelps*, "in the context of Rule 60(b)(6), we need not be concerned about upsetting the comity principle when a petitioner seeks reconsideration not of a judgment on the *merits* of his *habeas* petition, but rather of an *erroneous* judgment that prevented the court from ever *reaching* the merits of that petition. *Id.* at 1139. Here, as in *Phelps*, Self is seeking reconsideration of this Court's judgment dismissing his petition as untimely, which prevented the Court from ever reaching the merits of his petition.

(Doc. 32 at 4-6)

In performing a re-balancing of these factors, the undersigned Magistrate Judge is cognizant of the "important and potentially countervailing considerations" inherent in the Court's ability to vacate judgments when appropriate to "accomplish justice[,]" the

important public interest in timely and finale judgments, and the necessity for a showing of extraordinary circumstances to support the granting of a Rule 60(b)(6) motion for relief from a final judgment. The undersigned recommends that Petitioner's Motion (Doc. 25) again be denied, because a new balancing of these factors still weighs against granting Rule 60(b)(6) relief.

### A. *Phelps* factor 1 – change in the law

Addressing the first *Phelps* factor, which was derived from the U.S. Supreme Court's opinion in *Gonzalez*, this Court concluded that the dismissal of the Petition in 2001 had been proper under the interpretation of § 2244(d)(1)(A) at the time. (Doc. 32 at 4) Similarly, in *Gonzalez*, the Supreme Court found significant the district court's initial decision to dismiss the habeas petition as untimely because it "was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2)." 545 U.S. at 536. The Supreme Court then concluded that the circumstance in which it later, when the petitioner's case was no longer pending, "arrived at a different interpretation" than that of the Eleventh Circuit was "hardly extraordinary." *Id.* Within this assessment of circumstances involving a change in the interpretation of the AEDPA statute of limitations, the Supreme Court emphasized the importance of finality by instructing that "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." *Id.* Continuing this explanation, the Court noted that a change in the interpretation of a procedural federal statute may not justify the reopening of habeas cases that were "long since final," regardless of whether the cases had been dismissed or granted relief under that statute. *Id.* at 536-37.

In *Phelps*, the Ninth Circuit emphasized that in *Gonzalez*, the Supreme Court had decided an issue involving an intervening change in the law that had been settled in the Eleventh Circuit. 569 F.3d at 1135. The *Phelps* court distinguished the facts before it on the issue of the nature of the intervening change in the law, and indicated that the state of the law in Ninth Circuit courts had not been settled before the intervening change, announced by the Ninth Circuit in *Bunney v. Mitchell*, 262 F.3d

- 9 -

973 (9th Cir. 2001). *Id.* at 1136. Because of that factual difference as compared to *Gonzalez*, the Ninth Circuit concluded the first *Phelps* factor "cut in favor" of granting Rule 60(b) relief. *Id.* In contrast, here the Supreme Court in *Jimenez* "announced a new rule for determining when AEDPA's statute of limitations begins to run in cases in which [a petitioner has been] allowed to file an out-of-time appeal." *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). Following the analysis applied by the U.S. Supreme Court in *Gonzalez*, because Petitioner's habeas petition had been final for many years before the intervening change in interpretation of the question of finality under § 2244(d)(1)(A) was announced in *Jimenez*, and because *Jimenez* overturned settled precedent, the undersigned finds that the first *Phelps* factor weighs heavily in favor of denying Petitioner's Rule 60(b)(6) motion.

### B. *Phelps* factor 2 – diligence

As the Court observed in its March 2015 Order on Petitioner's motion to reopen case and for relief of judgment, *Jimenez* was decided in 2009, but Petitioner did not file his Rule 60(b)(6) motion until August 2014 (Doc. 25). (Doc. 32 at 5) The Court noted that Petitioner had provided no details on when he became aware of the *Jimenez* decision through conversation with other inmates. (*Id.*) Moreover, Petitioner provided no evidence that he made any attempt during this period to obtain AEDPA-related materials, or that he had complained that such materials were not available to him. *See Bryant v. Schriro*, 499 F.3d 1056, 1060-61 (9th Cir. 2007) (equitable tolling of AEDPA limitations period found unwarranted where inmate had not pursued his petition with diligence). Although Petitioner emphasizes that he acted with diligence once he happened to learn from another inmate about *Jimenez*, this argument does not address Petitioner's lack of diligence after *Jimenez* had been decided but before he learned about that case. The undersigned finds the factor assessing a petitioner's diligence weighs in favor denying Petitioner's motion.

### C. *Phelps* factor 3 – parties' change in legal position

The Ninth Circuit found the Court erred in concluding this factor weighed in favor of denying the motion. (Doc. 42-2 at 3) The circuit court explained that pursuant to

*Phelps*, the final judgment being challenged here had not caused either party to alter their legal position in reliance on that judgment, and that this factor weighed in the petitioner's favor. (*Id.*) On remand, this Court has been tasked with reweighing the *Phelps* factors in light of this factor's shift from favoring denial of the motion to favoring granting the motion. This correction necessarily results in a shift in the balancing of the factors considered. However, under the circumstances of this case, the factor is not significant enough to alter the conclusion, given the importance of factors addressing delay and the nature of the intervening law. The undersigned concludes that the result of the re-balancing remains in favor of denial of the motion because of the substantial weight necessarily accorded to the first and fourth *Phelps* factors.

### D. *Phelps* factor 4 – delay

This Court found that the "long delay" between final judgment in Self's Petition in 2001 (affirmed by the Ninth Circuit in January 2003), and his motion for Rule 60(b)(6) relief in August 2014 weighs against reopening. (Doc. 32 at 5) This factor "represents the simple principle that a change in the law should not indefinitely render preexisting judgments subject to potential challenge." *Phelps*, 569 F.3d at 1138. In *Phelps*, the delay between final judgment and the petitioner's original motion for reconsideration was only four months, and the court found this short delay weighed heavily in the petitioner's favor. *Id.* In contrast, here the undersigned finds the very lengthy period of delay in Petitioner's case of 11 years, together with a significant delay of greater than 5 years between the announcement of *Jimenez* in January 2009 and Petitioner's filing of his motion, weighs strongly in favor of denial of the motion.

### E. *Phelps* factors 5 and 6 – the close connection between cases, and comity

This Court concluded that the fifth and sixth *Phelps* factors each weigh in favor of Petitioner. The undersigned finds these conclusions are still supportable, consistent with controlling precedent, and weigh in favor of granting Petitioner's motion.

## III. CONCLUSION

The undersigned recognizes that a rebalancing of the *Phelps* factors as applied in this case, where three factors weigh in favor of granting the motion and three weigh

against, results in a close call. However, the undersigned concludes that a rebalancing of the *Phelps* factors continues to weigh against a finding of extraordinary circumstances, and against granting Petitioner's Rule 60(b)(6) motion for reconsideration and motion to reopen his case. This conclusion is strongly influenced by the assessment of the *Phelps* factors 1, 2 and 4.

The undersigned relies heavily on the Supreme Court's analysis in *Gonzalez*, which presented comparable facts, and where the Court rejected a finding of extraordinary circumstances where a settled interpretation of the AEDPA statute of limitations within the Eleventh Circuit was subsequently changed by the Supreme Court after the petitioner's case was no longer pending. 545 U.S. at 536-37. As the Ninth Circuit concluded in *Phelps*, because of the "strong similarity" in the posture of the case and that in *Gonzalez*, it was compelled to "give significant consideration to the two *Gonzalez* factors in evaluating Phelps' motion." 569 F.3d at 1136. In *Phelps*, the Ninth Circuit distinguished the facts from those in *Gonzalez* by noting that the intervening change in law addressed in *Phelps* did not "upset or overturn a settled legal principle." *Id.* In *Gonzalez*, and in Petitioner's case here, intervening law announced by the Supreme Court did overturn a settled legal principle, after the habeas cases were long since final.

Additionally, given the substantial time elapsed between when Petitioner's judgment became final in 2003 and when he filed his Rule 60(b)(6) motion in 2014, and also the significant time between filing of Petitioner's motion and the Supreme Court's decision in *Jimenez* in January 2009, this conclusion is strongly informed by considerations cautioning against "'the use of provisions of Rule 60(b) to circumvent the strong public interest in [the] timeliness and finality' of judgments." *Phelps*, 569 F.3d at 1135 (quoting *Flores v. Arizona*, 516 F.3d at 1163). Petitioner's arguments largely urge this Court to address considerations that extend far beyond the purposes of the limited remand ordered by the Ninth Circuit.

Accordingly,

**IT IS RECOMMENDED** that Petitioner Michael L. Self's Motion to Reopen Case and Motion for Relief from Judgment and Order (Doc. 25) be denied.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 30th day of March, 2018.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 13 -