**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L Self, | No. CV-00-01058-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

This matter is before the Court on Michael Self's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition"). As discussed in more detail below, the Petition was initially dismissed as untimely on March 6, 2001 (Doc. 18). The Ninth Circuit Court of Appeals affirmed this decision on January 23, 2003 (Doc. 23).

On August 12, 2014, Petitioner filed a Motion to Reopen Case/Motion for Relief from Judgment and Order (Doc. 25), which was denied on March 2, 2015 (Doc. 32). The Ninth Circuit Court of Appeals vacated this decision and remanded the matter on April 24, 2017 (Doc. 42). Upon remand, on March 30, 2018, United States Magistrate Judge Charles R. Pyle issued the Report and Recommendation ("R&R"), in which he recommends that the Court deny Petitioner's Motion to Reopen/Motion for Relief from Judgment. (Doc. 59 at 12). Petitioner filed Objections to the R&R on April 13, 2018 (Doc. 60), and Respondents filed a Response to the Objections on May 18, 2018 (Doc. 63).

**I.    Background and Objection**

Petitioner first objects to the procedural history adopted by the Magistrate Judge. Petitioner asserts that he "categorically objects to the continued use of a 2001 summation in 2018 proceedings." (Doc. 60 at 3). Petitioner, however, fails to identify the specific facts to which he objects or the evidence supporting that objection. (*Id.*). The Court has reviewed the record and finds that the facts as provided by the Magistrate Judge are accurate. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). The Court thus overrules any objection to the facts and summarizes the relevant facts here for clarity.

This matter arises out of Petitioner's convictions on two counts of sexual conduct with a minor, one count of child molestation, and one count of sexual abuse. (Doc. 16 at 2). He was sentenced to mitigated consecutive sentences that totaled 47 years imprisonment. (*Id.)*. Petitioner appealed to the Arizona Court of Appeals and, while that appeal was pending, he filed a petition for post-conviction relief with the trial court, arguing that trial counsel was ineffective. (*Id.*). The trial court denied the petition, reasoning that the claim could be raised on direct appeal; Petitioner did not appeal this ruling. (*Id.*). On June 9, 1992, the Arizona Court of Appeals affirmed the conviction and sentence. (*Id.* at 3*)*. Petitioner did not seek timely review to the Arizona Supreme Court, and the Arizona Court of Appeals issued its mandate and order on August 14, 1992. (*Id.*)

On January 25, 1999, more than six years after the Arizona Court of Appeals issued its mandate and order, Petitioner filed a notice of post-conviction relief in Maricopa County Superior Court. (*Id.*). His appointed counsel was unable to find a "tenable issue" to raise in the petition and requested that Petitioner be permitted to proceed pro se. (*Id.*) The trial court summarily dismissed this petition for post-conviction relief on December 17, 1999. (*Id.*). Petitioner appealed to the Arizona Court of Appeals, which denied review on May 16, 2000. (*Id.* at 3-4).

On September 23, 1999, while Petitioner's January 25, 1999, petition for post-conviction relief was pending in Maricopa County Superior Court, the Arizona Court of Appeals issued an order allowing Petitioner to file a delayed petition for review to the Arizona Supreme Court from the June 9, 1992, Court of Appeals decision. (*Id.* at 4). On April 18, 2000, the Arizona Supreme Court declined to accept review of the Court of Appeals decision. (*Id.*).

Petitioner filed the Petition for Writ of Habeas Corpus in this matter on June 1, 2000. (Doc. 1). The Report and Recommendation found that the Petition was barred by the one-year limitations period in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 16 at 5-7). District Judge Carroll adopted the Report and Recommendation on March 6, 2001 and dismissed the Petition. (Doc. 18). The Ninth Circuit affirmed this decision, agreeing that the Petition was untimely and that the direct appeal had not been reopened when the Arizona Court of Appeals allowed Petitioner to file a delayed petition for review to the Arizona Supreme Court. (Doc. 23 at 3).

On August 12, 2014, Petitioner filed a Motion to Reopen Case/Motion for Relief of Judgment and Order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 25). This Motion was based upon a 2009 United States Supreme Court case, *Jimenez v. Quarterman*, 555 U.S. 113 (2009), in which the Court held that an out-of-time appeal extends the date on which the judgment becomes final and therefore correspondingly extends the time within which to file for habeas relief. (*Id.*). District Judge Rosenblatt denied Petitioner's Motion to Reopen Case on March 2, 2015. (Doc. 32). As discussed in more detail below, Judge Rosenblatt applied the factor test set forth in *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), to determine whether extraordinary circumstances existed that would support reopening the case. Judge Rosenblatt concluded that four of the *Phelps* factors weighed against reopening, while only two weighed in favor of reopening. (Doc. 32 at 6). On review, the Ninth Circuit found that the Court incorrectly weighed one factor against reopening, leaving three factors in favor of reopening and three factors against reopening. (Doc. 42-2 at 4). Accordingly, the Ninth Circuit remanded the matter to this

1  Court "[b]ecause it is unclear whether the district court would have reached the same
2  conclusion or would have granted [Petitioner's] motion had it evaluated correctly the third
3  factor." (*Id.*).

4  In his R&R, Magistrate Judge Pyle re-assessed the *Phelps* factors and concluded
5  that, upon rebalancing, the *Phelps* factors continued to weigh against a finding of
6  extraordinary circumstances and against reopening the case. (Doc. 59 at 12). Therefore,
7  the R&R recommends that the Motion to Reopen Case/Motion for Relief from Judgment
8  be denied. (*Id.*). Magistrate Judge Pyle further recommends that a Certificate of
9  Appealability be denied because dismissal of the Petition is justified by a plain procedural
10 bar and jurists of reason would not find the ruling debatable. (*Id.* at 13).

11 Petitioner filed an Objection to the R&R (Doc. 60). In his Objection, in addition to
12 contesting the procedural history adopted by the Magistrate Judge, Petitioner objects to the
13 use of the "change in the law" analysis, the use of the *Phelps* six-factor balancing test, and
14 the manner in which the change in legal position factor was rebalanced. (Doc. 60 at 3-5).
15 Petitioner additionally contends that extraordinary circumstances support reopening the
16 case and that Petitioner did exercise due diligence despite not seeking to reopen the case
17 until more than five years after *Jimenez* was decided. (Doc. 60 at 6-9). Based upon the
18 Ninth Circuit's Mandate, in which the circuit court specifically instructed this Court to
19 rebalance the six *Phelps* factors, this Court will focus its analysis on that issue. (*See* Doc.
20 42-2 at 4).

21 **II.    Standards**

22 "A judge of the court may accept, reject, or modify, in whole or in part, the findings
23 or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1). A district
24 court evaluating a Magistrate Judge's report may specifically adopt those portions of the
25 report to which no "specific written objection" is made, so long as the factual and legal
26 bases supporting the findings and conclusions set forth in those sections are not clearly
27 erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas*, 474 U.S. at 149. A district court is not
28 required to review any portion of a magistrate judge's R&R that is not the subject of an

objection. *Thomas*, 473 U.S. at 149. *See also* 28 U.S.C.A. § 636(b)(1) (the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

### III. Analysis

The limited issue before the Court is whether, pursuant to Rule 60(b)(6), Petitioner is entitled to relief from Judge Carroll's March 6, 2001, decision dismissing the Petition as untimely. (Doc. 18). As stated above, Petitioner submitted his Motion for Relief from Judgment on August 12, 2014. (Doc. 25). This Motion sought relief from the March 6, 2001, decision based upon *Jimenez v. Quarterman*, a 2009 United States Supreme Court decision. (*Id.*).

**A. Original Rulings Regarding the Timeliness of the Petition**

In Judge Carroll's March 6, 2001, Order, Judge Carroll addressed the timeliness of Petitioner's June 1, 2000, Petition. (Doc. 18). The Court recognized that, because the Court of Appeals issued its August 14, 1992, Mandate and Order before enactment of the AEDPA, Petitioner had one year from the effective date of the AEDPA to file a habeas petition in federal court. (Doc. 18 at 1-2, citing *Dictado v. Ducharme*, 189 F.3d 889, 891 (9th Cir. 1999)). Although the Court noted that Petitioner was permitted to file a delayed petition for review of the state court decision, which he filed on October 7, 1999, and which the Arizona Supreme Court denied on April 18, 2000, the Court found that the delayed petition for review did not toll the one-year period for filing a federal habeas petition. (Doc. 18 at 2-3). Judge Carroll reasoned that, "[b]y the time Petitioner sought leave to file a 'delayed petition for review,' the one year limitations period prescribed by the AEDPA had already expired." (Doc. 18 at 3). In reaching this decision, Judge Carroll quoted the January 29, 2001, R&R (Doc. 16), which relied on authority from the Second Circuit, *Smith v. McGinnis*, 208 F.3d 13, 15-17 (2d Cir. 2000), and the Fifth Circuit, *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999), in which the courts recognized that a prisoner could not revive an expired limitations period by filing a state petition. (Doc. 18 at 3). On appeal, the Ninth Circuit affirmed this decision, holding that Petitioner's "direct appeal was

finalized and his claims exhausted on August 14, 1992, when the Arizona Court of Appeals issued its first mandate in his case." (Doc. 23 at 3). The Ninth Circuit further stated that "[t]his mandate was not implicitly recalled and Self's direct appeal was not reopened when the Arizona Court of Appeals permitted Self to file a delayed petition for review to the Arizona Supreme Court." (*Id.*). Therefore, the court concluded that Petitioner's time to apply for a writ of habeas corpus ended on April 24, 1997, which was one year after the AEDPA's effective date. (*Id.*).

### B. *Jimenez v. Quarterman* and Petitioner's Rule 60(c) Motion

On January 13, 2009, the United States Supreme Court issued its decision in *Jimenez v. Quarterman*, 555 U.S. 113 (2009). In that case, the petitioner had been given permission to file an out-of-time appeal. *Id.* at 116. When the petitioner subsequently filed a federal habeas petition, the district court held that the petition was untimely based upon expiration of the time to seek discretionary review of the petitioner's first direct appeal. *Id.* at 117. The court further held that the out-of-time appeal did not alter this timeline; the Fifth Circuit Court of Appeals affirmed. *Id.* at 117-18. The United States Supreme Court reversed and held that, once direct review of the petitioner's conviction was reopened and the petitioner was permitted to file an out-of-time appeal, the time to file a federal habeas petition would be based upon completion of the renewed proceedings. *Id.* at 120. Therefore, the Court concluded that, when a defendant is permitted to file an out-of-time direct appeal during state collateral review, the date on which the judgment becomes final "must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id.* at 121.

More than five years after the *Jimenez* opinion, on October 8, 2014, Petitioner filed a Motion to Reopen Case/Motion for Relief of Judgment and Order. (Doc. 25). On March 2, 2015, District Judge Rosenblatt concluded that the *Jimenez* decision did not warrant reopening Petitioner's case under Rule 60(b)(6). (Doc. 32). In reaching this decision, the Court found that Petitioner had not shown the "extraordinary circumstances" necessary to justify relief. (*Id.*). The Court considered the following factors, taken from *Gonzalez v.*

*Crosby*, 545 U.S. 524 (2005) and *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009). First, regarding an intervening change in law, the Court found that "[i]t is hardly 'extraordinary' that, long after Self's petition was no longer pending, the Supreme Court arrived at a different interpretation" and that, accordingly, that factor weighed against reopening. (*Id.* at 4-5). Second, regarding Petitioner's diligence in pursuing the issue, the Court stated that Petitioner merely asserted that he was made aware of the *Jimenez* decision and that he learned about a possible case through conversation between inmates; this was not sufficient to establish diligence and also weighed against reopening. (*Id.* at 5). Third, regarding the parties' interests in finality, the Court stated that there was no evidence that the final judgment being challenged has caused either party to change their position in reliance on the judgment and that this factor also weighed against reopening. (*Id.*). Fourth, regarding the delay between the final judgment in March 2001 and the Rule 60(b)(6) Motion in August 2014, the Court found that there had been an "extremely" long delay and that this long delay also weighed against reopening. (*Id.*). Fifth, regarding whether there is a close connection between the original and intervening decisions, the Court found that it appeared that, under *Jimenez*, the petition would have been timely and that this factor therefore weighed in favor of reopening. (*Id.* at 5-6). Last, regarding whether relief from judgment would upset principles of comity, the Court held that it would not because the decision being reconsidered was not on the merits of the petition; accordingly, this factor weighed in favor of reopening. (*Id.* at 6). Upon weighing the factors, the Court concluded that the balance of the factors weighed against reopening and therefore denied the Motion to Reopen Case/Motion for Relief from Judgment. (*Id.*).

On appeal, the Ninth Circuit held that the district court mis-weighed factor three, regarding the parties' interests in finality. (Doc. 42-2). The court held that this factor weighed in favor of reopening because "neither party has relied . . . on the finality of the district court's dismissal." (*Id.* at 3). It reached this conclusion because there were no past effects of the judgment that would be disturbed if the case was reopened on the merits. (*Id.*). The Ninth Circuit did not address the remaining factors and remanded the case for

reconsideration of the Motion to Reopen, based upon three factors weighing in favor of reopening and three factors weighing against reopening. (*Id.* at 3-4).

### C. Reweighing the Rule 60(b)(6) Factors

The analytical structure for determining whether relief from judgment should be granted based upon an intervening change of law can be found in *Gonzalez v. Crosby*, 545 U.S. 524 (2005) and *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009). In *Gonzalez*, among other issues, the Court considered whether a change in law that impacted the timeliness of a federal habeas petition justified the granting of a motion for relief from judgment pursuant to Rule 60(b)(6). In that case, the district court dismissed the petitioner's habeas petition as time-barred, finding that the AEDPA limitations period was not tolled while a second motion for state post-conviction relief was pending, resulting in the federal habeas petition being filed two months late. 545 U.S. at 527. After the district court ruling, the Supreme Court issued a decision supporting an argument that the district court's time-barred ruling was incorrect. *Id.* (citing *Artuz v. Bennett*, 531 U.S. 4 (2000)). Almost nine months after that Supreme Court decision, the petitioner filed a Motion to Amend or Alter the Judgment, arguing that, based on the Court's intervening decision, the district court's time-barred ruling was incorrect. *Id.* The district court denied the motion, and the Eleventh Circuit affirmed. *Id.* at 527-28.

On review, the Supreme Court also affirmed denial of the petitioner's Rule 60(b) motion. *Id.* at 536. The Court held that relief under Rule 60(b)(6) requires "extraordinary circumstances" and that the change in interpretation of the AEDPA limitations period did not constitute such extraordinary circumstances. *Id.* The Court first stated that the change in interpretation of the law after petitioner's case was no longer pending "is hardly extraordinary." *Id.* It noted that, "[n]ot every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final," *id.*, and recognized that a change in the interpretation of a "*substantive* statute may have consequences for cases that have already reached final judgment." *Id.* n.9 (emphasis in original). The Court next addressed the petitioner's lack of diligence and found that the

"change in the law worked by [the intervening case] is all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review of the statute-of-limitations issue." *Id.* at 537. The Court specifically noted that, at the time the intervening case was decided, the petitioner had "abandoned" any attempt to seek review of the limitations issue. *Id.* Therefore, based on these two factors, the Court held that the petitioner was not entitled to relief despite the intervening change in the law. *Id.* at 538.

The Ninth Circuit similarly addressed the impact of an intervening legal change on Rule 60(b)(6)'s extraordinary circumstances requirement in *Phelps v. Alameida*, 569 F.3d 1120 (2009). There, the court first recognized the two factors "emphasized" by the Supreme Court in *Gonzalez* and then listed an additional four factors that courts can consider in resolving such Rule 60(b)(6) motions. *Id.* at 1135-40. These factors include whether the parties' interest in the finality of the case will be disturbed, the delay between the finality of the judgment and the Rule 60(b)(6) claim for relief, the close relationship between the two cases at issue, and whether comity issues would be upset. *Id.* The court granted relief because the law had been unclear at the time of the initial decision, the *Phelps* petitioner had consistently shown great diligence in seeking review, the parties had not relied on finality of the original judgment, there was only a short delay of four months between the original judgment and the initial motion to reconsider, and there was a close relationship between the underlying decision and the new precedent. *Id.*

Taken together, the six factors addressed in *Phelps* are those that Judge Rosenblatt previously addressed when considering Petitioner's Motion. Upon re-evaluation of those factors here, the Court agrees with the Magistrate Judge and again concludes that the extraordinary circumstances requirement is not met in Petitioner's case.[1]

The first factor, regarding the nature of the change in the law, supports a finding

---

[1] The Court acknowledges that Petitioner objects to the use of the *Phelps* six-factor balancing test. (Doc. 60 at 5). Petitioner states that the use of the six-factor test "is not countenanced by the extraordinary circumstances case-by-case analysis adopted by the Supreme Court." (*Id.*). Petitioner is incorrect; the six-factor test is used on a case-by-case basis to determine whether extraordinary circumstances exist that would justify granting Rule 60(b)(6) relief. *See Phelps*, 569 F.3d at 1135 (stating "[t]he factors we discuss below are designed to guide courts in determining whether such extraordinary circumstances have been demonstrated by an individual seeking relief under the rule").

- 9 -

that the change of law in question is not an extraordinary circumstance, and thus this factor again weighs against granting relief. As recognized in the R&R, analysis of this factor involves an analysis of how settled the law had been prior to the change in law. For example, in *Gonzalez*, the change in law impacted a settled legal principle and accordingly did not support granting relief under Rule 60(b)(6). *See Phelps*, 569 F.3d at 1136 (analyzing *Gonzalez*). In contrast, in *Phelps*, the law had been so unsettled that, at the time the *Phelps* petitioner was appealing his case, two other appeals in front of two other Ninth Circuit panels were appealing the same issue; the two other panels reached opposite outcomes from the *Phelps* petitioner's panel. *Id.* The Ninth Circuit held that "the discord exemplified by the contradictory memorandum dispositions … demonstrates that the law in our circuit was decidedly *un* settled at the time Phelps' *habeas* petition was before the district court." *Id.* (emphasis in original). Accordingly, the *Phelps* court distinguished the facts of the case from *Gonzalez* and held that this factor supported granting relief, unlike in *Gonzalez*. *Id.*

Applying this analysis to the present case, this factor weighs against granting Rule 60(b)(6) relief because the law on this issue was not disputed at the time of the original habeas petition.[2] This is in contrast to *Phelps*, where there were multiple appellate cases within the circuit that reached opposing conclusions on the issue, all close in time to the petitioner's action. Instead, as noted by Magistrate Judge Pyle, the applicable change of law presented in *Jimenez* "announced a new rule for determining when AEDPA's statute of limitations begins to run in cases in which [a petitioner has been] allowed to file an out-

---

[2] In his Objections to the R&R, Petitioner asserts that the Magistrate Judge incorrectly employed the "change in the law" analysis used in *Gonzalez*, rather than a "matter of first impression" analysis. (Doc. 60 at 3-5). In making this argument, Petitioner contends that, because the issue of an out-of-time appeal's impact on the limitations period had not been expressly decided by the Ninth Circuit prior to Petitioner's habeas petition, the Court should not apply *Gonzalez*. Petitioner's argument is unpersuasive because, in initially holding that the petition was untimely, the original Magistrate Judge, the District Court, and the Ninth Circuit all relied on the settled principle that, if the limitations period in a habeas proceeding had already expired, the limitations period cannot be revived with a new filing. (*See* Doc. 16 at 6; Doc. 18 at 3; Doc. 23 at 3). Petitioner has not provided the Court with any authority suggesting that this rule was being debated at the time of its initial application to Petitioner's case or at any time prior to the *Jimenez* decision.

- 10 -

of-time appeal." (Doc. 59 at 10, *quoting Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011)). Because this was a "new" rule regarding out-of-time appeals, as opposed to a rule that was being actively debated, it cannot be considered extraordinary that the rule changed at some time after the 2001 decision finding that the Petition was untimely. *See Gonzalez*, 545 U.S. at 536 (stating that, when decision is "by all appearances correct under . . . then prevailing interpretation," it is "hardly extraordinary that subsequently, after petitioner's case was no longer pending, the Court arrived at a different interpretation"); *Hernandez*, 630 F.3d at 430 (noting, regarding petitioner's attempt to use *Jimenez* to obtain Rule 60(b) relief retroactively, that the petitioner could not use "Rule 60(b)(6) to circumvent the principle that when the Supreme Court announces a new rule of law and applies it to the parties before it, the new rule is given retroactive effect only in cases that are still open on direct review"). Therefore, the Court agrees with Magistrate Judge Pyle that this factor weighs against granting relief.

The second factor, regarding the Petitioner's lack of diligence in pursuing relief, also weighs against granting Petitioner's Motion to Reopen. The diligence analysis is based upon a petitioner's "timeliness" and "urgency in litigating his claim." *Bynoe v. Baca,* 966 F.3d 972, 984 (9th Cir. 2020). As recognized by Magistrate Judge Pyle, although *Jimenez* was decided in 2009, Petitioner failed to seek relief based upon *Jimenez* until August 2014. (Doc. 59 at 10). This five-year delay demonstrates an overall lack of diligence. *See Bryant v. Schriro* 499 F.3d 1056, 1061 (9th Cir. 2007) (finding, in context of tolling the AEDPA's limitations period, lack of diligence where petitioner made no effort to seek relief between 1994 and 2000). This finding is compounded by the fact that, in 2003, after his habeas petition was found to be untimely by both the district court and the Ninth Circuit, Petitioner apparently no longer pursued any legal remedy. Instead, based on the record before this Court, Petitioner failed to take any action between 2003 and 2014. *See Phelps*, 569 F.3d at 1136 (discussing *Gonzalez* and noting that the *Gonzalez* petitioner, among other inaction, failed to file a petition for rehearing of the circuit court's decision and failed to seek certiorari review). This is unlike in *Phelps*, where the petitioner filed a

petition for rehearing, filed a petition for en banc rehearing, filed a petition for certiorari, and filed a Rule 60(b)(6) motion just four months after supportive authority was issued. *Id.* at 1136. Accordingly, because Petitioner pursued his claim with neither timeliness nor urgency, the Court agrees with Magistrate Judge Pyle that this factor also weighs against granting Petitioner's Motion.

The third factor, regarding the change in the parties' legal position, weighs in favor of Petitioner's Motion. As held by the Ninth Circuit, neither party altered its legal position in reliance on the judgment. (Doc. 42-2 at 3). Therefore, this factor weighs in favor of Petitioner.

The fourth factor, regarding delay, again weighs against Petitioner. "[A] change in the law should not indefinitely render preexisting judgments subject to potential challenge." *Bynoe,* 966 F.3d at 986. Instead, those seeking to apply a new legal rule to their case should act "with a degree of promptness." *Id.* When a Rule 60(b) motion is based upon a change in the law, timeliness should be measured from the time when the moving party has a basis to file the motion, as opposed to from the date of the challenged order. *Id.* at 980. This factor is "similar, although not identical, to the second *Gonzalez* factor" regarding diligence. *Phelps*, 569 F.3d at 1138.

In this matter, even disregarding the eleven-year delay between the 2003 affirmation of the dismissal of Petitioner's petition and Petitioner's 2014 Motion to Reopen/Motion for Relief from Judgment, there was still a delay of five years between the *Jimenez* decision and Petitioner's Motion to Reopen. This five-year delay was not timely and does not demonstrate any degree of promptness. *See Phelps*, 569 F.3d at 1138 (finding four month delay not untimely); *Bynoe,* 966 F.3d at 986 (finding that this factor weighed "slightly" in favor of petitioner when Rule 60(b)(6) motion filed within a year of change in law). Accordingly, the Court agrees with Magistrate Judge Pyle that this factor also weighs against granting the motion.

Finally, the fifth and sixth factors, regarding close connection between cases and comity, both weigh in favor of Petitioner. The Court agrees with the decision of Magistrate

Judge Pyle that the initial conclusions regarding these factors remain sound. (Doc. 59 at 11).

Upon rebalancing the factors, the Court recognizes that three factors support granting relief and that three factors support denying relief. Despite this seemingly even split, the weight given to the factors based upon the facts of this case demonstrate that extraordinary circumstances justifying Rule 60(b)(6) relief are not present here. First, and most notably, the first two factors, both of which support denying relief, weigh more heavily because, based upon these two factors alone, the Supreme Court in *Gonzalez* denied relief. *See Phelps*, 569 F.3d at 1136 ("Given the strong similarity between the posture of this case and *Gonzalez*, we must give significant consideration to the two *Gonzalez* factors in evaluating Phelps' motion."). As discussed above, in both the present case and *Gonzalez*, it was not extraordinary that the law changed and that the petitioner had not shown diligence in pursuing relief. This is unlike *Phelps,* where the law had clearly been unsettled and where the petitioner consistently and quickly "pressed all possible avenues of relief." 569 F.3d at 1137. Further, due to Petitioner's lengthy five-year delay between the *Jimenez* decision and any effort to seek relief, the fourth factor also weighs more heavily against granting the Motion. Therefore, because factors one, two, and four all weigh strongly against granting relief, the Court agrees with the Magistrate Judge and concludes that, upon balancing the six factors, Petitioner's Motion should be denied. As stated by the Magistrate Judge, "this conclusion is strongly informed by considerations cautioning against 'the use of provisions of Rule 60(b) to circumvent the strong public interest in [the] timelines and finality of judgments.'" (Doc. 59 at 12 (quoting *Phelps*, 569 F.3d at 1135 (internal quotations omitted)). Accordingly, the Court overrules Petitioner's objections to the R&R.

### D.     Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and the Court must state the specific issue

or issues that satisfy the showing required for a certificate of appealability ("COA"). The Court is authorized to issue a COA "only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 336 (internal quotations and citations omitted). A COA "does not require a showing that the appeal will succeed." *Id.* at 337. Here, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court agrees with Magistrate Judge Pyle that Petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Pyle's R&R (Doc. 59) is **accepted** and **adopted** as the order of this Court. Petitioner's Objections (Doc. 60) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the Petition is justified because reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.

**IT IS FURTHER ORDERED** that the Motions for Case Status (Doc. 66; Doc. 67) are **denied** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 19th day of October, 2020.

Honorable Diane J. Humetewa
United States District Judge